IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

|  |  |  |
|---|---|---|
| | : | |
| CARMITA T. PURDIMAN, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 2:08-CV-0006-RWS |
| | : | |
| ORGANON PHARMACEUTICALS | : | |
| USA, INC., and ORGANON | : | |
| INTERNATIONAL, INC., | : | |
| | : | |
| Defendants. | : | |

## ORDER

Now before the Court is Plaintiff Carmita T. Purdiman's Motion to

Remand to State Court [3]. After considering the entire record, the Court enters

the following Order.

## Background

Plaintiff initially filed this action in the State Court of Forsyth County on

January 10, 2008, alleging products liability and negligent design against

Defendants Organon Pharmaceuticals USA, Inc. and Organon International,

Inc. Plaintiff alleges that, in May of 2007, she began using a birth control

device produced by Defendants, which is marketed as the "NuvaRing."

(Compl. ¶ 10.)  After using the device for one month, she began experiencing

stomach pains, dizziness, chest pains, irregularity in her heart beat, and other

symptoms.  (Id. ¶¶ 11-12, 29.)  On June 11, 2007, she sought emergency

medical assistance at the Northside Hospital in Atlanta, Georgia, where she was

admitted into the Intensive Care Unit and subjected to over six hours of

invasive medical testing.  (Id. ¶¶ 13-15.)

     Plaintiff was ultimately diagnosed with severe pulmonary embolisms that

resulted in a serious and continuing danger of internal blood clotting.  (Id. ¶¶

16-18.)  As a result of her medical condition, Plaintiff spent six more days at

Northside Hospital under the care of physicians, and was not allowed to move

any part of her body but her head, lest a blood clot in her lung move to her heart

or brain and cause death.  (Id.)  As a result of Plaintiff's diagnosis, she must

now take blood thinners, submit to weekly testing, and obtain future medical

assistance to closely monitor the symptoms of her "permanent" condition.  (Id.

¶ 30.)  Plaintiff alleges that her use of the NuvaRing caused this condition, and

therefore, Defendants are liable for medical expenses, future medical expenses,

lost wages, and pain and suffering.  (Id. ¶ 33.)  Plaintiff has not specified the

2

amount of damages she seeks.

On January 10, 2008, Defendants removed this action to this Court on the basis of diversity of citizenship.  In support of removal, Defendants state that their residencies are completely diverse from Plaintiff and the amount in controversy exceeds $75,000 based upon a fair reading of Plaintiff's Complaint. (See Notice of Removal [1] ¶ 14.)

Plaintiff has since moved to remand this action.  Plaintiff does not dispute that the parties are completely diverse; rather, she rests her challenge to this Court's jurisdiction solely on whether Defendants have proven by a preponderance of the evidence that the amount in controversy exceeds $75,000. Although her Complaint contains no specific statement as to the amount of damages she seeks, Plaintiff has declined Defendants' request to provide an affidavit attesting that she does not seek more than $75,000 in damages.  The Court now takes up Plaintiff's Motion to Remand.

## Discussion

Unless Congress explicitly provides otherwise, a defendant may remove to federal court a civil action brought in state court, provided that the federal court has original jurisdiction over the action.  28 U.S.C. § 1441(a)-(b).  The

3

party seeking removal bears the burden of establishing federal jurisdiction.

Friedman v. New York Life Ins. Co, 410 F.3d 1350, 1353 (11th Cir. 2005).

Removal statutes should be construed narrowly with any doubt resolved in

favor of remand.  Allen v. Christenberry, 327 F.3d 1290, 1293 (11th Cir. 2003);

Diaz v. Sheppard, 85 F.3d 1502, 1505 (11th Cir. 1996); see also Burns v.

Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) ("Defendant's right to

remove and plaintiff's right to choose his forum are not on equal footing; . . .

removal statutes are construed narrowly; where plaintiff and defendant clash

about jurisdiction, uncertainties are resolved in favor of remand.").

Original jurisdiction may be based on either the presence of a federal

question or diversity of citizenship of the parties.  28 U.S.C. §§ 1331, 1332.

Where the Court's removal jurisdiction is predicated on diversity of citizenship,

several constraints on the exercise of jurisdiction exist.  First, complete

diversity is required.  That is, every plaintiff must be diverse from every

defendant.  Triggs v. John Crump Toyota, Inc., 154 F.3d 1284, 1287 (11th Cir.

1998).  Second, even where there is complete diversity, the amount in

controversy must exceed $75,000.  28 U.S.C. § 1332.  Removal "is proper if it

is facially apparent from the complaint that the amount in controversy exceeds

4

the jurisdictional requirement. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed." Williams v. Best Buy Co., 269 F. 3d 1316, 1319 (11th Cir. 2001) (citations and quotations omitted). A refusal by a plaintiff to submit an affidavit attesting that the amount in controversy does not exceed $75,000 is not alone sufficient to establish federal jurisdiction. Id.

Although the Complaint excludes any reference to the amount of damages Plaintiff has sustained as a result of Defendant's allegedly tortious conduct, after full review and consideration, the Court concludes that is it apparent from the factual allegations in the Complaint that the amount in controversy in this action exceeds $75,000. Plaintiff alleges that she: (1) sustained "permanent and debilitating" injuries, including developing "severe pulmonary embolisms," as a result of using Defendants' birth control device; (2) underwent six hours of medical testing at a hospital in the City of Atlanta; (3) remained in the hospital for approximately six days of treatment and monitoring; (4) was unable to move any part of her body during her entire hospital stay, lest a blood clot in her lung cause her death; (5) suffered "intense

5

pain," (6) must undergo future medical testing, treatment, and monitoring; (7) and is owed lost wages. Viewing these allegations *en toto* in light of the Court's common sense and experience, the Court concludes that the amount of damages at issue in this action, including past medical bills, the cost of future medical treatment, pain and suffering, and lost wages, more likely than not exceeds $75,000. See Gebbia v. Wal-Mart Stores, Inc., 233 F. 3d 880, 883 (5th Cir. 2000) (where plaintiff in slip and fall case alleged damages including medical expenses, pain and suffering, mental anguish, and loss of enjoyment of life, jurisdictional amount was "facially apparent" based on pleadings); Turner v. Wilson Foods Corp., 711 F. Supp. 624, 626 (N.D. Ga. 1989) (complaint alleging severe and permanent injuries, pain and suffering, and lifelong medical expenses "provided defendant with the necessary information to intelligently ascertain that it had grounds for removal to federal court"); Luckett v. Delta Airlines, Inc., 171 F. 3d 295, 298 (5th Cir. 1999); Antwine v. Bristol-Myers Squibb Company, 2004 U.S. Dist. LEXIS 11431, * 9-10 (N.D. Tx. June 21, 2004) (citation omitted) (concluding that court had jurisdiction over claim of unspecified damages where plaintiff sought lost wages, pain and suffering, medical expenses, attorneys' fees, and punitive damages for alleged adverse

6

effects of prescription drug ranging from symptoms indicating possible liver damage to other less serious effects and stating, "applying common sense, it is apparent that, if successful, these claims, more likely than not, reach at least $75,000.00.").  Because it is apparent from the pleadings that the amount in controversy more likely than not exceeds $75,000, Defendants have met their burden to prove by a preponderance of the evidence that federal jurisdiction is present in this action.

**Conclusion**

For the foregoing reasons, Plaintiff's Motion to Remand to State Court [3] is **DENIED**.

**SO ORDERED** this 12th  day of March, 2008.


RICHARD W. STORY
UNITED STATES DISTRICT JUDGE

AO 72A
(Rev.8/82)